IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**BENTON WORKSHOP, INC.**                                                                         **PLAINTIFF**

vs.                                              **4:08CV00339-WRW**

**UNITED STATES OF AMERICA**                                                            **DEFENDANT**

## ORDER

Pending is Defendant's Motion for Summary Judgment (Doc. No. 12). Plaintiff has responded[1] and Defendant has replied.[2] For the reasons set out below, Defendant's Motion is GRANTED.

**I.   SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[3] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[4]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the

---

[1]Doc. No. 17.

[2]Doc. No. 24.

[3]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[4]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

judgment beyond controversy.[5]  Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[6]  I must view the facts in the light most favorable to the party opposing the motion.[7]  The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[8]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[9]

## II.     BACKGROUND[10]

Plaintiff, an Arkansas corporation, is a commercial printing business. Janis Graves is the president of the corporation; Thomas Graves is the vice-president. In the spring of 2003, Mrs. Graves fell and hit her head, which caused complications with Mrs. Graves's neck and

---

[5]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[6]*Id.* at 728.

[7]*Id.* at 727-28.

[8]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[9]*Anderson*, 477 U.S. at 248.

[10]Unless otherwise noted, the facts in the Background section are taken from the parties' Statements of Material Facts. Doc. Nos. 14, 19.

back.[11] Mrs. Graves was in extreme pain, and took large doses of pain killers on a continuing basis. At times, the pain and pain medicine impaired Mrs. Graves both physically and mentally. Because of her ongoing pain and the effects of the painkillers, Mr. and Mrs. Graves, together, decided that Mrs. Graves should generally give up her duties at Benton Workshop, although Mrs. Graves did continue to work for a few hours at a time when she was able to do so.

Mrs. Graves was responsible for preparing and filing Internal Revenue Service ("IRS") Form 941 Employer's Quarterly Tax Return, from which Plaintiff's employment and payroll tax deposit obligations were determined. When Mrs. Graves stepped down, Mr. Graves was aware that she had been responsible for Plaintiff's payroll tax deposits and filings, and that this was an important legal obligation of the company. After Mrs. Graves stopped performing her duties for Plaintiff, Plaintiff continued operations, continued to pay creditors, and continued to make its payroll. However, for the four quarters ending December 31, 2003, to September 30, 2004, Plaintiff did not timely file its Forms 941, and did not pay its payroll tax deposits according to the proper schedule. After becoming aware of its tax problems in the latter part of 2004, Plaintiff retained the Charles Jerry CPA Firm to do various work, including payroll tax matters.

The IRS imposed $9,738.21 in late filing penalties against Plaintiff under 26 U.S.C. § 6651(a)(1)[12] for Plaintiff failing to timely file its Forms 941 Employer's Quarterly

---

[11]Defendant asserts that the fall caused pain, serious headaches, and nausea, related to a pre-existing condition. Plaintiff contests the allegation regarding the pre-existing condition. Whether the fall caused a new injury or aggravated a pre-existing condition is irrelevant to the outcome of this case.

[12]26 U.S.C. § 6651 reads:
(a)(1) Addition to the tax. In case of failure to file any return required . . . on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful

Federal Tax Returns for four quarters -- the quarters ending December 31, 2003, to September 30, 2004.

The IRS imposed tax penalties in the amount of $5,892.79 on Plaintiff under 26 U.S.C. § 6651(a)(2) for failing to timely pay its employer's quarterly taxes for five quarters -- from the quarter ending December 31, 2003, through the quarter ending on December 31, 2004.

Under 26 U.S.C. § 6656,[13] the IRS assessed penalties of $10,786.39 against Plaintiff for its failure to timely make its employer's federal tax deposits over a period of eight quarters -- from the quarter ending December 31, 2003, through the quarter ending on September 30, 2005.

Plaintiff paid all penalties assessed against it, and now seeks a refund of those penalties.

---

neglect, there shall be added to the amount required to be shown as tax on such return 5 percent for each additional month or fraction thereof during which such failure continues, not exceed 25 percent in the aggregate.
(a)(2) to pay the amount shown as tax on any return specified in paragraph (1) on or before the date prescribed for payment of such tax (determined with regard to any extension of time for payment), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount shown as tax on such return 0.5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 0.5% for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.

[13]26 U.S.C. § 6656(a) reads:
Underpayments of deposits. In the case of any failure by any person to deposit (as required by this title or by regulations of the Secretary under this title) on the date prescribed therefor any amount of tax imposed by this title . . . unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be imposed upon such person a penalty equal to the applicable percentage of the amount of underpayment.

## III. DISCUSSION

The Internal Revenue Code provides for mandatory penalties when an employer does not file its employer tax returns, or pay or deposit its employment taxes, in a timely manner.[14] A taxpayer may avoid penalties if the taxpayer can show that its failure was because of "reasonable cause," and "not due to willful neglect."[15] To establish reasonable cause, a taxpayer must show that it "exercised 'ordinary business care and prudence' but nevertheless was 'unable to file the return within the prescribed time.'"[16] Willful neglect is a "meaning, conscious, intentional failure or reckless indifference."[17] The issue here, then, is whether Mrs. Graves's illness created reasonable cause for Plaintiff not fulfilling its obligations in a timely manner, and whether Plaintiff willfully neglected its duties.

### A. Willful Neglect

I find no willful neglect on Plaintiff's part. Plaintiff apparently filed the required forms, but did so on an improper schedule. Plaintiff apparently paid its tax liability, but paid on the wrong schedule. The record supports the conclusion that Plaintiff was attempting to comply.

### B. Reasonable Cause

Reasonable cause may exist if, despite the taxpayer's exercise of ordinary business care and prudence, the taxpayer was unable to file a timely return.[18] A return that was not filed on

---

[14] 26 U.S.C. §§ 6651, 6656.

[15] *Id.*

[16] *United States v. Boyle*, 469 U.S. 241, 246 (1985) (citing 26 C.F.R. § 301.6651(c)(1)).

[17] *Id.* at 245.

[18] *Id.* at 246.

time because of the "death or serious illness of the taxpayer or a member of his immediate family" may constitute reasonable cause.[19] Yet, "[t]he failure to make a timely filing of a tax return is not excused by the taxpayer's reliance on an agent, and such reliance is not 'reasonable cause' for a late filing . . ."[20] or late payment of taxes.[21]

Plaintiff, a corporation, contends that reasonable cause exists because Plaintiff's agent, Mrs. Graves, was impaired. I disagree. Mr. Graves knew that Mrs. Graves was responsible, among other duties, for filing and paying its employer's taxes. Mr. Graves was aware that Mrs. Graves was unable, for some time, to shoulder her responsibilities. Apparently, Mr. Graves took some type of action so that Plaintiff could continue to make payroll and pay its creditors, for example -- but arrangements were not made to ensure that Plaintiff's employer's tax filings and payments were continued in a timely manner. Under these circumstances, Mrs. Graves's illness does not constitute reasonable cause.

Plaintiff also maintains that in making its deposits, it relied on an IRS 2005 Federal Tax Deposit Requirements notice it received which read, in part: "[y]ou are a monthly depositor."[22] However, the notice specifically alerts the taxpayer that "[i]t is your responsibility to verify this information against your quarterly tax records" and "[i]t is your responsibility to determine which deposit schedule you should follow."[23] Apparently, Plaintiff's tax liability in the past

---

[19]*McMahan v. Commissioner*, 114 F.3d 366, 369 (2nd Cir. 1997).

[20]*Boyle*, 469 U.S. at 252.

[21]*Donald's Elec. & Refrigeration Serv. v. United States*, No. 5:04-CV-00039, 2005 U.S. Dist. Lexis 3486 (March 2, 2005 W.D. Va.).

[22]Doc. Nos. 19, 14-7.

[23]*Id*.

made it a semiweekly depositor, and it should have remained a semi-weekly depositor -- rather than a monthly depositor. It seems to me that, in the exercise of ordinary business care considering the changes caused by Mrs. Graves's reduced capacity, Plaintiff should have verified on which schedule it was required to file and pay its employer's taxes.

Accordingly, Defendant's Motion for Summary Judgment is GRANTED and this case is DISMISSED. All other pending motions in this case are MOOT.

IT IS SO ORDERED this 21st day of August, 2009.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE